# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM,<br><br>Defendant. | Case No. 1:26-cv-01516-SAB<br><br>ORDER RANDOMLY REASSIGNING MATTER TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING ACTION BE DISMISSED FOR FRIVOLITY<br><br>(ECF No. 8)<br><br>**FOURTEEN DAY DEADLINE** |

On February 23, 2026, Plaintiff Ahkeem Williams, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Gavin Newsom, Robert Bonta, Erika Robles, and Brian Allen. (ECF No. 1.)  This Court previously screened Plaintiff's complaint and found that it failed to state a claim. (ECF No. 4.)  The Cour gave Plaintiff thirty days to file an amended complaint curing the deficiencies identified by the Court.  (Id.)  Furthermore, the Court provided Plaintiff with legal standards for claims the Court perceived that Plaintiff might be attempting to raise.  (Id.)  On April 16, 2026, Plaintiff filed a first amended complaint.  (ECF No. 8.)  The Court now undertakes screening of the amended complaint.

This matter was assigned pursuant to Local Rule, Appendix A(k)(1).  Therefore, this action has been directly assigned to a Magistrate Judge only.  Not all parties have appeared or filed consent or declination of consent forms in this action.  Pursuant to 28 U.S.C. § 636(b)(1)(B), Local

Rule 302(c)(17), and Local Rule Appendix A, subsection (k), the Court will direct the Clerk of the Court to randomly assign a district judge to this action and the Court shall issue findings and recommendations.

## I.

## SCREENING REQUIREMENT

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is frivolous or malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).  In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking.  Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Id.; Fed. R. Civ. P. 12(h)(3). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

///

## II.

## COMPLAINT ALLEGATIONS

This time around, Plaintiff's complaint is nearly impenetrable.  Beginning on page four, Plaintiff writes his complaint in a circular fashion around the page.  The main allegation the Court can discern on this page is that Plaintiff alleges that he has an RFID chip inside of him. (ECF No. 8, p. 4.)  Plaintiff raises this allegation as well on page six.  (Id. at p. 6.)  Thereafter, it appears Plaintiff seeks a "protection" order and injunctive relief, "the government privacy invasion has cause [hypertension?], PTSD, date shame breach mental anguish the carse imwinea danger and brain and mental injury violation of constitutional privacy rights and privacy act." (Id.)

On page seven, Plaintiff begins listing bible verses, again writing in a circular fashion around the page.  (Id. at p. 7.)  Plaintiff also again lists that he has an RFID chip inside of him and repeats his request for a protection order and injunctive relief.  (Id.)  Plaintiff then mentions that "the defendants cause irreparable harm to my home they have my life in danger and brain injury they eat me with vampirism and vampirism energy my home is added with voodoo and sorcery and demon possession they are eating my body . . ." (Id.)

In an attached page, page eight, Plaintiff lists certain bible verses as a "petition in the heavenly court to convict all who took part in stealing my pictures and google . . . in Jesus' name, amen."  (Id. at p. 8.)  However, before with listing bible verses, Plaintiff also lists phone numbers and certain computer identifying information, such as MAC addresses.  (Id.)  This continues on until halfway through page ten.  At that point, Plaintiff states that he had surgery at Fresno Regional Hospital and that is when the RFID chip was placed inside of him.  (Id. at p. 10.)  However, Plaintiff trails off, giving a previous address, his mother's WiFi password, as well as a discussion involving a gang in Inglewood.  (Id. at pp. 10-11.)  Plaintiff then again repeats that with the RFID chip, "these people mind molest me they steal data off my phone they eat my body with demon possession out of the RFID chip it is a demon inhaboter demon device and your government is eating me it is privacy invasion in my brain government has jurisdiction in the anti-chipping statutes it violation of bodily autonomy it was unauthorized under state law it

can lead to penalties under California law (SB 362) it's a unwanted seizure.  I want a CAT scan to see other then my left ear which is behind the location to take out." (Id. at pp. 11-12.)

The final type of allegation Plaintiff states, is that "some of the same people who took part of me being rape at Fresno Medical Hospital John Vargas Erika Robles and more plus Darius Bennet of Hanford, CA are stalking my phones and it sound they are on the RFID chip: on October 19, 2016, I was rape under surgery at Fresno Medical Regional Hospital one by John Vargas and his [illegible] and Erika Robels they also took part in me being victimized by Kings County government.  They both stole and frauded my social security number [redacted] with Kings County Superior Court.  They are stalking me with your government on those phone.  I demand a Emergency Restraining Order a Permanent [Injunction] the government for brain hacking and privacy invasion and data theft . . . ." (Id. at p. 13.)

**III.**

**DISCUSSION**

**A.     Plaintiff's Complaint is Frivolous**

The Court recommends that this action be dismissed because it is factually frivolous. Plaintiff alleges that an RFID chip was placed inside of his brain during surgery.  Beyond various allegations and writings that are nonsensical, the remaining salient allegations essentially relate to certain defendants tormenting Plaintiff's brain.  These allegations even cross over into the supernatural, with claims of vampirism, Vodou, and sorcery.  Even giving every reasonable inference to Plaintiff, the Court finds that these claims contain no factual allegations beyond "fantastical claims" and "delusional scenarios."  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Finally, though Plaintiff alleges he was raped, the Court finds this to be conclusory and, in context with the other allegations, a delusional scenario as well.  Having thoroughly reviewed the complaint, the Court concludes that the allegations lack an arguable basis in law and fact.  For this reason, the Court recommends that the complaint be dismissed.

**B.     Leave to Amend is Not Appropriate**

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured

4

by amendment." <u>Cato</u>, 70 F.3d at 1106.  In determining whether to grant leave to amend, the Court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2004).  The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend.  <u>Bonin v. Calderon</u>, 59F.3d 815, 845 (9th Cir. 1995).

In this instance, it appears that granting leave to amend would be futile.  As described above, Plaintiff's allegations in the complaint are fantastical or delusional and have only gone further afield from the complaint to the amended complaint.  Accordingly, the Court will recommend that leave to amend should not be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IV.**

**ORDER AND RECOMMENDATION**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to district judge.

FURTHERMORE, IT IS HEREBY RECOMMENDED that Plaintiff's amended complaint (ECF No. 8) be DISMISSED without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court, limited to 15 pages in length, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 1, 2026**

_____

STANLEY A. BOONE
United States Magistrate Judge